UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**JENNIFER SIMS**
    Plaintiff

**v.**   No. 5:08CV-00147-J

**MICHAEL ASTRUE**
    Commissioner of Social Security
    Defendant

**MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION**

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Julie Atkins. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 9 and 10, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on December 11, 2007, by administrative law judge (ALJ) Kathleen Thomas. In support of his decision denying Title II benefits, Judge Thomas entered the following numbered findings:

    1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.

    2. The claimant has not engaged in substantial gainful activity since December 22, 2004, the alleged onset date (20 CFR 404.1520(b) and 404.1571 et seq.).

    3. The claimant has the following severe impairments: residuals from a motor vehicle accident; knee pain; obesity; major depression; pain disorder; and, post-traumatic stress disorder, with anxiety (20 CFR 404.1520(c)).

    4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

    5. After careful consideration of the entire record, the undersigned finds that, within 12 months of her injury, the claimant regained the residual functional capacity to perform a reduced range of light work activity. The claimant can lift and carry a maximum of 20 pounds occasionally and 10 pounds frequently. She can stand/walk a combined total of at least two hours per day and sit about six hours per day. She can never climb ladders, ropes or scaffolds, but she can occasionally climb ramps and stairs. She can occasionally kneel, crouch and crawl. She has no significant environmental, manipulative, visual or communicative limitations. Because of her mental impairment and/or while considering her level of pain, she is limited to simple work which does not require interaction with the public.

    6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

    7. The claimant was born on April 16, 1968, and was 36 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

    8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

    9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

    10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

    11. The claimant has not been under a disability, as defined in the Social Security Act, from December 22, 2004, through the date of this decision (20 CFR 404.1520(g)).

(Administrative Record (AR), pp. 14-24).

## Governing Legal Standards

    1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four"

jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching his decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

3

2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act.

3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a de minimis, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a <u>prima facie</u> showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). The focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

## Discussion

This case was denied at the fifth and final step of the sequential evaluation. The ALJ based her ultimate finding of lack of disability upon the testimony of a vocational expert (VE) to the effect that an individual with the limitations summarized in ALJ's Finding No. 5 would retain the ability to perform the a significant number of jobs in the national economy. Specifically, the VE testified that an individual with the physical restrictions identified by the state agency program physician, John Gedmark, at Exhibit No. 12F (AR, pp. 425-432), plus the mental limitations identified by the state agency program psychologist, Lea Perritt, at Exhibit No. 19F (AR, pp. 476-477), would retain the ability to perform the jobs of "sedentary" surveillance system monitor and bookkeeper/officer worker (AR, pp. 534-536). Unless the plaintiff points the court to evidence in the administrative record, which the ALJ was required to accept, that she suffers from a vocationally-significant restriction in excess of those stated in Exhibit Nos. 12F and/or 19F, the court should affirm the ALJ's decision upon the strength of the vocational testimony. <u>See</u> *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987). The plaintiff has failed to identify any such evidence. Therefore, we shall recommend an affirmance of the Commissioner's final decision. We shall consider the plaintiff's specific contentions in turn.

First, the plaintiff argues that the ALJ "improperly rejected the credibility of the claimant with regard to her pain and limited range of motion in her pelvic and back region" (Docket Entry No. 9, p. 9). The Commissioner's credibility determination is an open-ended multi-factors approach based upon a consideration of the medical and non-medical evidence as a whole. See 20 C.F.R. § 404.1529 ("How we evaluate symptoms, including pain") and Social Security Ruling (SSR) 96-7p. Absent a compelling reason, a reviewing court should not disturb an ALJ's credibility findings. *Smith v. Secretary*, 307 F.3d 377, 379 (6th Cir., 2001). The Commissioner and not a reviewing court is to make credibility findings regarding a claimant's subjective complaints. *Murphy v. Secretary*, 801 F.2d 182, 184 (6th Cir., 1986). An ALJ's opportunity to observe the appearance and demeanor of a claimant during the hearing is invaluable and will not "lightly be discarded" by a reviewing court. *Villarreal v. Secretary*, 818 F.2d 461, 463 (6th Cir., 1987). The notion that special deference is owed to a credibility finding by a trier of fact is deeply embedded in our laws. The opportunity to observe the demeanor of a witness, to evaluate what is said in light of how it is said, and to consider how it fits in with the rest of the evidence gathered is invaluable and should be given proper consideration. *Beavers v. Secretary*, 577 F.2d 383, 387 (6th Cir., 1978). The ALJ found that "[t]he claimant's testimony is partially credited, but not to the extent she has residuals from her motor vehicle accident at a level of severity which precluded all work activity for a 12-month period" (AR, p. 18). The magistrate judge concludes that the plaintiff has failed to show that the ALJ acted outside her province or abused her discretion in reaching her credibility findings.

Next, the plaintiff argues that the ALJ "improperly rejected the opinion of the treating physician," Gary Spencer (Docket Entry No. 9, p. 10). On December 22, 2004, the plaintiff lost control of her vehicle and hit a telephone pole. In a progress note dated June 1, 2006, Dr. Spencer opined as follows (AR, p. 471) *(emphasis and numbers added)*:

> Subjective: She comes in. She has had a significant injury from a car wreck while she was driving on icy roads. She sustained multiple fractures including left sacral fracture, L5 compression fracture. She also had rib fractures along with bleeding from her spleen. She also had jaw fractures, left orbital fracture. This lady had a lumbar fusion, open reduction, and internal fixation of her sacrum. **We tried to go back to light duty, but [1] she could not tolerate even that [i.e., light duty] or [2] even full duty at all.** She did have a collapsed lung and multiple broken ribs.
> ...
> Plan: She will continue present medications. **I feel like that this lady [1] cannot stand no more than one to two hours at any one point and [2] could not truly work a full eight hour shift at this time because of her pain in her back and pain in her legs**. ....

In a progress note dated October 2, 2006, Dr. Spencer opined as follows (AR, p. 501):

> Subjective: ... **[2] I feel like she still cannot work more than two hours at any point and cannot work a full eight hour shift because of the pain in her back and legs.**

In summary, Dr. Spencer opined that the plaintiff 1) cannot tolerate light duty because she cannot stand for more than two hours at a time and 2) cannot work a full eight-hour shift and, in fact, is limited to two hours of work (total during an eight-hour workday) due to "pain" in her back and legs. Hence, it appears that Dr. Spencer was of the opinion that the plaintiff could possibly stand for two hours at a time but thereafter she would be unable to perform any combination of standing, walking, and/or sitting so as to complete an eight-hour shift. As a preliminary matter, the magistrate judge observes that Dr. Spencer's opinions as a whole are inherently suspect because it is unclear why an individual who could stand for two hours at a time could not take a break thereafter and, at least, sit a while longer. Nevertheless, rather than rejecting them out of hand, we shall analyze Dr. Spencer's opinions under the rules for weighing medical opinions.

The magistrate judge concludes as follows:

1. The ALJ's ultimate finding of lack of disability did not require a rejection of Dr. Spencer's first finding because the "sedentary" jobs that the plaintiff was found capable of performing do not require more than two hours of standing. See definition of "sedentary" work at 20 C.F.R. § 404.1567(a).

2. Dr. Spencer's second finding is not truly a "medical opinion" but rather a vocational conclusion that is tantamount to a finding of disability. Such opinions are classified as "medical source opinions on issues reserved to the Commissioner" and are entitled to no "special significance." See 20 C.F.R. § 404.1527(e).

3. Alternatively, to the extent the second finding was a "medical opinion," it was based upon the plaintiff's subjective "pain." Limitations based upon "pain" are evaluated as part of the ALJ's credibility assessment. We have already concluded, in connection with the plaintiff's first contention, that the ALJ's credibility assessment was adequately supported by the medical and non-medical evidence as a whole.

A treating source's medical opinion is entitled to "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. § 404.1527(d)(2). In her written decision, the ALJ declined to give controlling weight to Dr. Spencer's opinions for the following reasons (AR, p. 20):

> Dr. Spencer's opinion is not supported by objective medical findings or findings on examination, but rather based on what the claimant has subjectively told, him, which is not fully credited. Objective testing (MRI's, x-rays, EMG/NCS) are either mild, normal or negative. At the time he offered this opinion, Dr. Spencer had not treated the claimant since well before her injury (about 18 months prior). Her treating specialists did not impose such limitations, and they are in a better position to

> evaluate her limitations/ residuals. Dr. Spencer has since treated the claimant on a routine basis, medication refills every three to four months, but there is no change in her condition which would warrant the limitations he assessed. ... Accordingly, Dr. Spencer's opinion is not persuasive and cannot be afforded "controlling weight."

The magistrate judge concludes that the ALJ did not err in her evaluation of Dr. Spencer's medical opinions.

The plaintiff's third and final contention is that "the ALJ failed to include restrictions which were assessed by both State Agency non-examiners, Drs. Guerrero and Perritt" (Docket Entry No. 9, p. 13). In August of 2006, Dr. Perritt adopted the prior findings in November of 2005, of Dr. Guerrero (AR, pp. 452-453 and 476-477). These psychologists found that the plaintiff is "moderately" limited in the following functional areas: 1) ability to carry out detailed instructions, 2) ability to maintain attention and concentration for extended periods, 3) ability to interact appropriately with the general public, and 4) ability to respond appropriately to changes in the work setting (AR, pp. 453 and 477). In her written decision, the ALJ stated that she was "fully persuaded by the opinions of Dr. Guerrero and Dr. Perritt" (AR, p. 22).

The substance of the plaintiff's argument is that the controlling vocational hypothetical failed to contemplate the fourth finding above of Drs. Guerrero and Perritt. The hypothetical contemplated the following restrictions (AR, p. 535):

> **ALJ:** If adding to that [i.e., the physical limitation assigned by Dr. Gedmark] I factor in the mental restrictions that the State Agency determined, which would be because of deficits of concentration whether that be related to the pain or the side effects from medication, a restriction to simple work as opposed to complex or detailed. And the no interaction with the general public. Interaction with other co-workers could be performed without problems.

The magistrate judge concludes that the plaintiff is correct that the hypothetical did not explicitly contemplate the fourth finding above, i.e., "moderate" inability to respond appropriately to changes

9

in the work setting. The issue then is whether the omission, of which the ALJ was "fully persuaded," rose to the level of a reversible error. The magistrate judge concludes that the question should be answered in the negative because the plaintiff has not alleged and there is no evidence that the jobs of "sedentary" surveillance system monitor and bookkeeper/officer worker, which the ALJ ultimately found the plaintiff retains the capacity to perform, require more than a "moderate" ability to respond appropriately to changes in the work setting. Furthermore, the hypothetical represented a good-faith attempt by the ALJ to summarize the plaintiff's vocationally-significant mental restrictions and, as such, the Commissioner adequately carried his fifth-step burden of going forward with evidence of non-disability. See *Foster v. Commissioner*, 279 F.3d 348 (6th Cir., 2001) (at step five of the sequential evaluation process, the Commissioner carries only a burden of going forward with evidence of non-disability as opposed to a strict burden of proof). If the plaintiff felt the omission or discrepancy was vocationally significant, she should have cross-examined the VE on the matter at the hearing rather than first complaining upon judicial review.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court.  Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections.  A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings.  The original objections shall be sent to the Clerk of Court either electronically or by mail.  A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov.  Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party.  *Thomas v. Arn*, 474 U.S. 140 (1985).